# In the United States Court of Federal Claims

No. 15-1249C

Filed: February 13, 2017

```
******************************************
                                         *
                                         *
                                         *
NADIA ABOU-EL-SEOUD,                     *        Rule Of The United States Court Of
                                         *           Federal Claims ("RCFC") 30(b)(4)
       Plaintiff,                        *           (Notice Of Deposition By Remote
                                         *           Means).
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
       Defendant.                        *
                                         *
******************************************
```

## MEMORANDUM OPINION AND ORDER

On January 19, 2017, Plaintiff submitted a Motion To Compel Witnesses To Testify At Depositions Via Remote Means ("Pl. Mot."), attaching several exhibits in support ("Pl. Mot. Exs. 1–8). Plaintiff seeks to depose four witnesses located out of the Washington, D.C. metro area via video-teleconferencing ("VTC"), in order to save the parties the cost and travel time incurred in connection with travel to Ft. Worth, Texas, and Savannah, Georgia. Pl. Mot. at 1.

On February 6, 2017, the Government filed a Response ("Gov. Opp.") and the February 6, 2017 Declaration of Jane Holt-Duecaster ("2/6/2017 Decl."), stating that the Government did not agree to conduct depositions of the witnesses via VTC, because the Plaintiff's notice of deposition requires the Government to make the necessary arrangements for VTC. Gov. Opp. at 2. The Government adds that, although the Army Corps of Engineers' Fort Worth Office maintains a VTC facility, its use is restricted to official Department of Defense ("DoD") activities. 2/6/2017 Decl. at ¶ 2. Moreover, the cost of using VTC technology could be as much as $600 a day. 2/6/2017 Decl. at ¶ 2. Finally, the Government prefers to conduct live depositions and Government's counsel would travel to the witnesses' locations, even if the depositions were conducted via VTC. Gov't Opp. at 3.

Under Rule of the United States Court of Federal Claims ("RCFC") 30(b)(4),[1] the court may, by motion, order that a deposition be taken by "telephone or other remote means." In this

---

[1] RCFC 30(b)(4) provides:

> The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and RCFC

case, Plaintiff has demonstrated that the parties would collectively save $4,979.75 in travel costs if the relevant depositions were conducted via VTC. Pl. Mot. at 3–4; *see also* Pl. Exs. 3–8 (evidencing costs of airfare, hotel stay, and car rental for both cities). In contrast, the Government argues that VTC technology could cost as much as $600 a day,[2] and that the Government would still bear additional travel costs, because it would need to send counsel to defend the depositions where the witnesses are located. Gov't Opp. at 3.

As a general rule, the court and the parties should make good-faith efforts to control the costs of litigation. The Government expresses a preference for live depositions, but Plaintiff argues that litigation costs could be lowered for both parties, if the depositions were taken by VTC. The Government's preference should not require Plaintiff to spend significantly more in litigation costs than necessary.

Plaintiff's motion is granted for good cause shown. The parties shall arrange for depositions to be taken via VTC at a convenient time.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

28(a) and 37(b)(1), the deposition takes place where the deponent answers the questions.

RCFC 30(b)(4)

[2] If VTC for all four witnesses cost $600 each, the total cost would be $2,400, *i.e.*, lower than the nearly $5000 in litigation costs Plaintiff argues would be incurred if the depositions were conducted live.